## PennDOT v. Buss

*Thomas M. Nardozzo, assistant counsel, Department of Transportation,* for the Commonwealth.

*Donald P. Russo,* for defendant Terry A. Buss.

*Gerald M. Barr,* for defendant Jacqueline J. Hollowell.

BACKENSTOE, *P.J.,* December 9, 1991— Presently before this court are two matters in which the Department of Transportation suspended the petitioners' registrations for three months for failing to secure financial responsibility for their vehicles. The Department of Transportation alleges that these suspensions are proper under section 1786(d) of the Vehicle Code, 75 Pa.C.S. §1786(d) (1991).

The facts in each matter are as follows. In the matter of Terry A. Buss, the petitioner failed to secure insurance from January 12, 1991, to February 20, 1991. She allowed the insurance to lapse because her vehicle was inoperable and she did not know if she was going to have it fixed or sell it. To prove that her vehicle was not operated during the time it was uninsured, she presented four witnesses who testified that the car was not driven by anyone during the time in question. She also submitted evidence to prove that she acquired insurance for the vehicle on February 20, 1991.

In the matter of Jacqueline J. Hollowell, the petitioner's insurance expired while she was incarcerated. Upon release from prison, she obtained insurance for her vehicle. She presented testimony from one witness to prove that her vehicle was not operated by anyone during the time that it was uninsured.

Both petitioners appeal the suspension of their registration. For the following reasons, we sustain their appeals and grant a restoration of their registrations upon application to the Department of Transportation.

"The Department of Transportation shall *suspend the registration of a vehicle if it determines the required financial responsibility was not secured* as required by this chapter *and shall suspend the operating privilege of the owner or registrant for a*

*period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.* . . . Whenever the department revokes or *suspends the registration* of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960." 75 Pa.C.S. §1746(d) (1991). (emphasis added)

This subsection permits the Department of Transportation to issue two penalties. First, the department can suspend a person's registration if that person does not secure financial responsibility for his or her vehicle. This suspension will remain in effect until that person submits proof to the Department of Transportation that he or she has acquired insurance. Second, the department can suspend a person's operating privileges for three months if that person operated or permitted the operation of his vehicle while it was uninsured.*

In the two matters presently before this court, the Department of Transportation wants to suspend the petitioners' registrations for three months, without regard as to whether the petitioners have since acquired insurance. We believe that this is a misinterpretation of the statute. Our interpretation is that

---

* At issue during the hearing on these matters was whether the operation of an uninsured vehicle was also a factor in the suspension of an owner's registration. We conclude that this element, required for the suspension of an owner's operating privileges, is not a factor in the suspension of a registration under section 1786(d). If it were a factor, however, we would have determined that both vehicles were not operated while uninsured.

the department can only suspend the petitioners' registrations until the petitioners furnish proof that they have acquired insurance.

Each petitioner did present evidence at the hearing that she had obtained insurance. Since this evidence has been furnished, we hold that the Department of Transportation shall restore the registration of each petitioner upon submission of an application for registration accompanied by the fee for restoration as provided by section 1960.

## ORDER

Now, December 9, 1991, upon consideration of the petitions of Terry A. Buss and of Jacqueline J. Hollowell, and after a hearing upon the matter, it is hereby ordered that said petitions are sustained and the within matters are remanded to the Department of Transportation for processing consistent with this order.